UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>DALLAS YELLOW SHIELD CONDON,<br><br>              Defendant. | CR. 18-50152-JLV<br><br>ORDER |

      A grand jury indicted Defendant Dallas Yellow Shield Condon on three counts alleging aggravated sexual abuse by force in violation of 18 U.S.C. §§ 1153, 2241(a)(1) and 2246(2)(A); assault by strangulation and suffocation in violation of 18 U.S.C. §§ 1153 and 113(a)(8); and assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6). (Docket 1). Mr. Yellow Shield Condon was brought into federal court pursuant to a writ of habeas corpus ad prosequendum. (Docket 4). The defendant had his initial appearance before United States Magistrate Judge Daneta Wollmann on December 7, 2018. (Docket 6). The court entered a scheduling and case management order on December 10, 2018. (Docket 12). Mr. Yellow Shield Condon filed four motions for continuances over the course of the next several months. (Dockets 16, 20, 23 & 27). Each of defendant's motions was granted and each time a new schedule for trial was entered. (Docket 19, 22, 25 & 28). The most recent order established August 27, 2019, as a date certain for the jury trial. (Docket 28 at p. 2).

On August 6, 2019, the government filed a motion for continuance of the jury trial. (Docket 32). As its grounds for the motion, the government represents that Officer Derek Puckett, an essential witness for trial, is unavailable because he is currently in training and scheduled to graduate from the Law Enforcement Criminal Investigation Division Training in Georgia on August 30, 2019. The absence caused by Officer Puckett's appearance for trial would result in a repeat of the training program. Id. at p. 1. The government asserts Officer Puckett is an essential witness for trial because "he was the initial responding officer that made critical observations of the victim, [A.B.]. Additionally, the defendant made spontaneous statements and admissions in Officer Puckett's presence . . . about his conduct and actions towards both victims, [N.C.] and [A.B.]." Id. at p. 2. According to Officer Puckett there were no other law enforcement officers present at the time of defendant's admissions. Id.

Mr. Yellow Shield Condon opposes the government's motion. (Docket 35). He asserts the government's information relating to "Officer Puckett does not satisfy the requirements of [18 U.S.C.] § 3161(h)(3)(B)." Id. at p. 2. Defendant argues "[t]he fact Officer Puckett drove to Georgia for his training is of no consequence. . . . Given the considerable resources of the United States Government, arrangements can certainly be made to briefly fly Officer Puckett back from his training to testify at trial and quickly fly him back to resume his training." Id. at p. 3. Defendant contends "Officer Puckett's training in the face of the scheduled August 27, 2019, trial date is not good cause to suspend

Mr. Yellow Shield Condon's right to a speedy trial [under the Speedy Trial Act, 18 U.S.C. § 3161]".  Id.

"A witness is 'essential' if he is 'unquestionably important' to the case and the government has a 'good faith belief that it will use that witness's testimony at trial." United States v. Porchay, 651 F.3d 930, 939 (8th Cir. 2011) (citing United States v. Eagle Hawk, 815 F.2d 1213, 1218 (8th Cir. 1987). "A witness is 'unavailable' whenever 'his whereabouts are known but his presence for trial cannot be obtained by due diligence.'" Id. (citing 18 U.S.C. § 3161(h)(3)(B)). "While 'essential witness' is not defined, the Eighth Circuit has relied on the Senate Judiciary Committee report accompanying the Speedy Trial Act bill defining essential witness as 'a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice.'" United States v. Rupp, No. CR18-15, 2019 WL 93272, at *15 (N.D. Iowa Jan. 3, 2019) (citing Eagle Hawk, 815 F.2d at 1218; citation to the Congressional Record omitted).

The court finds Officer Puckett is an essential witness in the government's case.  Officer Puckett qualifies as an unavailable witness as his presence on the dates the case is currently set for trial "cannot be obtained by due diligence." Porchay, 651 F.2d at 939. Defendant's argument does not overcome the government's showing that it would be unreasonable for Officer Puckett to either miss his graduation for the academy or be required to make a make an extended airline trip from Georgia to Rapid City, South Dakota, and then back to Georgia.

3

Finally, the court finds that if the case were to proceed to trial in the absence of Officer Puckett, the case may well "result in a miscarriage of justice." Rupp, 2019 WL 93272, at *15. The potential for unwarranted delays during the anticipated trial days under the current schedule caused by Officer Puckett's travel to and from South Dakota would certainly disrupt the orderly progression of trial.

Based on these findings, the court concludes the government's motion for continuance must be granted and the period of delay resulting from a continuance of the trial date is excluded in computing the time within which the trial of the case must commence. 18 U.S.C. § 3161(h)(3)(A). The court also concludes the time from the date of this order through the new date for trial is excluded because the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

**ORDER**

Accordingly, good cause shown, it is

ORDERED that the government's motion (Docket 32) is granted.

IT IS FURTHER ORDERED that a separate scheduling order shall issue.

Dated August 8, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE